PHILLIP A. TALBERT
Acting United States Attorney
NIRAV K. DESAI
AUDREY B. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>VIRENDRA P. MAHARAJ,<br>  aka Virendra Prasad Maharaj,<br>  aka Vic Maharaj,<br>  aka Viren Shambhu Dutt,<br><br>  Defendant. | CASE NO. 2:21-CR-00236-TLN<br><br>RELATED CASE NO. 2:16-CR-0094-TLN<br><br>PLEA AGREEMENT FOR VIRENDRA MAHARAJ<br><br>DATE: DECEMBER 9, 2021<br>TIME: 9:30 A.M.<br>COURT: Hon. TROY L. NUNLEY |

## I.   INTRODUCTION

**A.   Scope of Agreement.**

The Information in this case charges defendant Virendra P. Maharaj ("the defendant") with one felony violation of 26 U.S.C. §§ 7203 and 6050I – Willful Failure to File Information Related to Cash Received in Trade or Business (Count One). The defendant is separately charged by Indictment in case number 2:16-cr-0094-TLN (E.D. Cal.) with: one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and three counts of attempt to evade or defeat a tax in violation of 26 U.S.C. § 7201. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding these cases. This plea agreement is limited to the United States Attorney's Office for the Eastern

PLEA AGREEMENT (Def. Virendra Maharaj)        1

District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B. Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

### C. Plea Agreement Contingent on Approval by USDOJ's Tax Division.

This plea agreement is contingent on approval of the terms of the resolution of this matter through this plea agreement by the United States Department of Justice's Tax Division ("Tax Division"). If the Tax Division does not approve the proposed resolution, the parties will not be bound by the terms of this plea agreement.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea.

The defendant will plead guilty to Counts One, charging the Willful Failure to File Information Related to Cash Received in Trade or Business in violation of 26 U.S.C. §§ 7203 and 6050I. The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea(s) attached hereto and incorporated here as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea(s) should the Court not follow the government's sentencing recommendations.

PLEA AGREEMENT (Def. Virendra Maharaj)   2

The defendant agrees that the statements made by him in signing this plea agreement, including the factual admissions set forth in the Factual Basis for Plea(s), shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this plea agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this plea agreement generally.

1.  Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that, pursuant to Fed. R. Crim. P. 7(b), he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges set forth in the Information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

2.  Waiver of Statute of Limitations:

The defendant knowingly, voluntarily, and intentionally agrees to waive any defects regarding the applicable statute of limitations for the offense(s) to which he is pleading guilty. The defendant further knowingly, voluntarily, and intentionally agrees to waive all of his rights to move to dismiss any prosecution involving or arising out of the aforementioned activity on the basis of any delay in bringing charges or the running of any applicable statute of limitations.

3.  Sentencing Recommendation:

The defendant agrees to jointly recommend with the government that the Court impose a sentence of 364 days of imprisonment.

4.  Package Agreement:

The defendant acknowledges and understands that the plea offer made to him here by the government is a "package offer." That is, the defendant understands that the offer made to him is conditioned on co-defendant Rosalin R. Prasad, aka Rosalin Radhika Prasad ("co-defendant Prasad"), who is his co-defendant in case number 2:16-cr-094-TLN (E.D. Cal.), pleading guilty according to the terms of her respective plea offer and agreement in case number 2:16-cr-094-TLN (E.D. Cal.). The

defendant understands that if co-defendant Prasad declines, refuses or fails to plead guilty according to her respective offer, then, at the option of the government, the defendant will not be allowed to enter a plea of guilty to the offer made to him by the government. Additionally, if co-defendant Prasad fails or refuses to enter her plea according to his or her respective offer and the defendant has already entered his plea, then this plea agreement is voidable at the option of the government. In its sole discretion, the government has the ability to withdraw from the plea agreement with the defendant and pursue the original charges as to this defendant. However, the defendant's waiver of his rights under Rule 11(f) and Fed. R. Evid. 410, as set forth in Section II.A herein, will not operate.

Recognizing that this is a package offer, the defendant confirms that he has not been threatened, pressured, or coerced by any other person, including the co-defendant, to enter into this plea agreement. The defendant also confirms that he enters into this plea agreement voluntarily because he is in fact guilty of the offense(s) to which he is pleading guilty.

**B.   Restitution.**

1. As part of this plea agreement, the defendant agrees to pay full restitution to the Internal Revenue Service in the presently calculated total amount of $605,346.70, jointly and severally with co-defendant Prasad, on dismissed counts pursuant to 18 U.S.C. § 3663(a)(3).

2. The defendant agrees that the total amount of restitution reflected in this plea agreement results from the defendant's conduct including that which is charged in the Indictment in case number 2:16-cr-094-TLN (E.D. Cal.).

3. The total amount of restitution consists of the following:

| Tax Year Ending December 31st | Amount to be Credited to Tax | Interest under Title 26 Due through Dec. 22, 2021[1] | Civil Penalty under Title 26 (75%) |
|---|---|---|---|
| 2005 | $101,496.00 | $173,512.53 | $76,122.00 |
| 2006 | $45,237.00 | $65,604.97 | $33,927.75 |
| 2007 | $37,365.00 | $44,057.70 | $28,023.75 |
| Totals: | $184,098.00 | $283,175.20 | $138,073.50 |

---

[1] The interest figures have been calculated by IRS, under 26 U.S.C. §§ 6601 and/or 6621, as of the date specified herein. The interest figures do not include any interest that may accrue after that date.

PLEA AGREEMENT (Def. Virendra Maharaj)           4

Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

3. As part of this plea agreement, the defendant agrees to execute and sign, prior to sentencing, an audit letter on IRS Form 4549, entitled "Report of Income Tax Examination Changes," as prepared by the IRS and provided to the defendant prior to the execution of this plea agreement.

4. The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

5. The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

6. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

7. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited

to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

8. If the defendant makes a payment of the restitution agreed to in Sections II.B.1 and II.B.3 of this plea agreement prior to sentencing, the payment will be applied as a credit against the restitution ordered pursuant to Sections II.B.1 and II.B.3.

9. The defendant agrees to send all payments made pursuant to the Court's restitution order to the Clerk of the Court. The defendant understands that the Clerk of the Court does not accept payments made in cash.

10. With each payment to the Clerk of the Court made pursuant to the Court's restitution order, defendant will provide the following information:

    A.    The defendant's name and Social Security number;

    B.    The name of the District Court and the docket number assigned to this case;

    C.    The tax year(s) or period(s) for which restitution has been ordered; and

    D.    A statement that the payment is being submitted pursuant to the Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS address below:

    IRS - RACS
    Attn: Mail Stop 6261, Restitution
    333 W. Pershing Ave.
    Kansas City, MO 64108

11. The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

    IRS - RACS
    Attn: Mail Stop 6261, Restitution
    333 W. Pershing Ave.
    Kansas City, MO 64108

12. The defendant further agrees that he will not seek to discharge any restitution obligation

or any part of such obligation in any bankruptcy proceeding.

**C.    Fine.**

The parties agree that no fine is appropriate in this case.

**D.    Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E.    Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from the agreed upon jointly recommended sentence of imprisonment or agreements regarding arguments as to 18 U.S.C. § 3553, as set forth in this plea agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not

PLEA AGREEMENT (Def. Virendra Maharaj)            7

time-barred by the applicable statute of limitations as of the date of this plea agreement, including but not limited to the charges in the pending Indictment in case number 2:16-cr-0094-TLN (E.D. Cal.), may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

F. **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

### III. THE GOVERNMENT'S OBLIGATIONS

#### A. Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice the counts in the pending Indictment in case number 2:16-cr-0094-TLN (E.D. Cal.), as to this defendant. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)) and VII.B (Waiver of Appeal and Collateral Attack) herein.

#### B. Recommendations.

1. Incarceration Range.

The government and the defendant agree to jointly recommend the imposition of a custodial sentence of 364 days of incarceration.

2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

#### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this plea agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the felony offense(s) to which the defendant is pleading guilty, Willful Failure to File

PLEA AGREEMENT (Def. Virendra Maharaj)     9

Information Related to Cash Received in Trade or Business in violation of 26 U.S.C. §§ 7203 and 6050I:

First, the defendant was engaged in a trade or business and, in the course of engaging in that trade or business, the defendant received more than $10,000 in cash in one transaction or in two or more related transactions.

Second, the defendant failed to make the return of information to the Secretary of the Treasury in a form prescribed by the Secretary of the Treasury, including on Internal Revenue Service Form 8300, containing the name, address, and TIN of the person from whom the cash was received; the amount of cash received; the date and nature of the transaction; and such other information as the Secretary may prescribe.

Third, the defendant acted willfully in that he knew of his legal duty to make the required return of information but intentionally and voluntarily failed to do so.

The defendant fully understands the nature and elements of the crimes charged in the Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

### V. MAXIMUM SENTENCE

#### A. Maximum Penalty.

The maximum sentence that the Court can impose is five (5) years of incarceration, a fine of $25,000, a three-year period of supervised release and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

#### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years of imprisonment.

PLEA AGREEMENT (Def. Virendra Maharaj)     10

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

Again, the government and the defendant agree to jointly recommend the imposition of a custodial sentence of 364 days of incarceration. If the defendant recommends a sentence lower than 364 days of incarceration, he shall be in violation of this plea agreement.

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

exceed the statutory maximum(s) for the offense(s) to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this plea agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

C.   **Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

D.   **Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. If convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission

to the United States in the future. Under federal law, a broad range of crimes are removable offenses, possibly including the offense(s) to which the defendant is pleading guilty. The defendant has discussed the potential immigration consequences of his plea(s) with his criminal defense attorney, David D. Fischer, Esq. The defendant and Mr. Fischer have also repeatedly consulted with, and received the advice of Mary Waltermire, Esq., an independent immigration attorney who has represented and assisted the defendant since prior to the filing of the Indictment in case number 2:16-cr-0094-TLN (E.D. Cal.) in May 2016. The defendant affirms that he has had adequate time to fully discuss the potential immigration consequences of his plea(s) with his attorneys. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorneys or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel.

I have read this plea agreement, including the attached and incorporated Exhibit A (Factual Basis for Plea(s)), and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 12/6/21

DAVID D. FISCHER, ESQ.
Attorney for Defendant

**B.     Defendant:**

I have read this plea agreement, including the attached and incorporated Exhibit A (Factual Basis for Plea(s)), and carefully reviewed every part of it with my attorneys. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorneys in this case.

Dated: 12/06/21

VIRENDRA P. MAHARAJ
Defendant

**C.     Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 12/07/21

PHILLIP A. TALBERT
Acting United States Attorney

NIRAV K. DESAI
AUDREY B. HEMESATH
Assistant United States Attorneys

EXHIBIT "A"

Factual Basis for Plea(s)

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

From approximately 2007 through 2016, defendant Virendra (Vic) Maharaj and his wife, Rosalin R. Prasad ("Prasad"), owned and operated Maharaja Motors LLC ("Maharaja Motors"), which in turn operated automobile dealerships including Payless Car Sales of Woodland and Victory Car Sales, located in Woodland, California, in the Eastern District of California. Maharaja Motors was registered with the California Secretary of State as entity number 200711010383, and its Employer Identification Number ("EIN") was 83-0480987. Maharaj held himself out as the CEO of Maharaja Motors. Maharaj was also the general manager and a salesman at Payless Car Sales of Woodland and Victory Car Sales, and he was previously the general manager and a salesman at other automobile dealerships in Sacramento, California.

On or about January 25, 2015, a customer of the dealership operated by Maharaja Motors purchased an automobile, a 2007 Honda Odyssey, from the dealership and paid $10,550.33 in U.S. currency, or cash, to the dealership for that automobile purchase. Records from the specialized automobile sales computer software used by Maharja Motors document this transaction. Maharaj admits that, in connection with this sale, the customer paid his dealership with U.S. currency, or cash, in an amount of $10,550.33.

The transaction described above required the filing, within 15 days of such payment, of Internal Revenue Service Form 8300 ("Form 8300") with the Internal Revenue Service, setting forth information including the name, address, and Tax Identification Number of the person from whom the cash was received; the amount of cash received; and the date and nature of the transaction. Maharaj admits that he did not file, or cause to be filed, a Form 8300 on behalf of Maharaja Motors in connection with this payment. Maharaj admits that he did not report this transaction, or the proceeds of this transaction, on his income tax return for the year 2015, and that he did not report this transaction, or the proceeds of this transaction, to the Internal Revenue Service at any time.

PLEA AGREEMENT (Virendra P. Maharaj)         A-1

Maharaj admits that, since at least 2007, he knew of his legal duty to file the required information with the Secretary of the Treasury on Form 8300 in connection with his engagement in the trade or business of automobile sales when he received more than $10,000 in U.S. currency or cash in one transaction or in two or more related transactions. He admits that he knew such a Form 8300 was required to be filed within 15 days of the transaction described above. He further admits that, knowing that he had this legal duty, he willfully, voluntarily, and intentionally failed to file a Form 8300 in connection with the transaction described above.

Searches conducted within the records of the United States Treasury's Financial Crimes Enforcement Network ("FinCEN"), show that no Forms 8300 have ever been filed under EIN 83-0480987. Additionally, searches conducted within FinCEN's records show that no Forms 8300 have ever been filed under: the names used by Maharaj; Maharaj's Social Security number or Tax Identification Number; Prasad's name or Social Security number; or the names Maharaja Motors, Payless Car Sales of Woodland, or Victory Car Sales.

*I, Virendra P. Maharaj, have carefully reviewed the above Exhibit A: Factual Basis for Plea(s) with my attorneys. As far as my own conduct and the conduct of which I am aware is concerned, the facts described above are true and I adopt this Factual Basis for Plea(s) as my own true statement.*

Dated: 12/06/21

_____
VIRENDRA P. MAHARAJ
Defendant

PLEA AGREEMENT (Virendra P. Maharaj)        A-2